**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELICA J. KAUHAKO, individually and as parent and next friend of her minor child, M. Doe, | No. 16-16681 |
| | D.C. No. 1:13-cv-00567-DKW-KJM |
| Plaintiff-Appellee, | |
| | |
| v. | MEMORANDUM[*] |
| | |
| STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, | |
| | |
| Defendant-Third-Party-Plaintiff-Appellant. | |
| | |
| and | |
| | |
| NELSON SHIGETA, individually and as principal of Waianae High School; KRISTIN LINDQUIST, individually and as care coordinator of Waianae High School, | |
| | |
| Defendants-Third-Party-Plaintiffs, | |
| | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

RUSTON TOM,

   Third-Party-Defendant-
   Appellee.

ANGELICA J. KAUHAKO, individually
and as parent and next friend of her minor
child, M. Doe,

   Plaintiff-Appellee,

 v.

STATE OF HAWAII BOARD OF
EDUCATION DEPARTMENT OF
EDUCATION; et al.,

   Defendants-Third-Party-
   Plaintiffs-Appellees,

 v.

RUSTON TOM,

   Third-Party-Defendant-
   Appellant.

No. 17-15085

D.C. No. 1:13-cv-00567-DKW-KJM

Appeals from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

No. 16-16681 Argued and Submitted June 11, 2018

No. 17-15085 Submitted June 11, 2018**
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

These appeals arise from a lawsuit filed by Angelica Kauhako individually and as parent and next friend of M. Doe against the State of Hawaii Board of Education and Department of Education ("the State") and teacher Kristin Lindquist. The State impleaded Ruston Tom as a third-party defendant, and the jury returned a verdict in Kauhako and Tom's favor. The State appeals the district court's evidentiary rulings, and the court's denial of its motion for judgment as a matter of law or for a new trial. Tom cross-appeals the district court's denial of his motion for attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court in both appeals.

## 1. The State's Appeal

A. We review the district court's evidentiary rulings for an abuse of discretion. *Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876, 885 (9th Cir. 2003). The district court did not err in permitting Dr. Lynch to testify absent the disclosure required by Fed. R. Civ. P. 26(a)(2)(C), because Dr. Lynch did not offer expert testimony, and Dr. Lynch's deposition testimony gave the State ample notice of her

_____

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

3

expected trial testimony. The district court also did not permit improper cross-examination of Lindquist. The topics elicited on cross were reasonably related to the scope of the direct examination, or to matters affecting Lindquist's credibility as a witness. Fed. R. Evid. 611(b). The State correctly argues that the district court admitted inadmissible hearsay at trial by allowing Kauhako to testify to M.'s statements after the April 18 assault. But because multiple witnesses testified without objection to M.'s account of the assault, the error was harmless.

B. We review de novo the district court's denial of the State's renewed motion for judgment as a matter of law. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). The State argues that it is entitled to judgment because of Lindquist's immunity from liability. The district court determined that, in accordance with the jury's failure to find that she acted with malice, Lindquist was entitled to a qualified privilege afforded under Hawaii law to non-judicial governmental officials performing public duties, and dismissed all claims against her. *See Towse v. State*, 647 P.2d 696, 702 (Haw. 1982). As a result, the State's liability cannot be premised on Lindquist's conduct on a theory of respondeat superior. *See Hulsman v. Hemmeter Dev. Corp.*, 647 P.2d 713, 717 (Haw. 1982).

We disagree, however, that Lindquist's conduct forms the sole basis for the State's liability. The record contains substantial evidence of the State's direct

4

liability, as distinct from liability based on respondeat superior. *See, e.g.*, *Doe Parents No. 1. v. State, Dep't of Educ.*, 58 P.3d 545, 579 (Haw. 2002). Under Hawaii law, the State is subject to a duty "reasonably to anticipate, as would a reasonably prudent parent, foreseeable harm and to take whatever action is reasonable to protect a student from that foreseeable harm." *Id.* at 592. In fact, in the final Pretrial Order, the State stipulated that "Defendant DOE, standing *in loco parentis*, owed a duty to Plaintiff to take reasonable steps to prevent reasonably foreseeable harms to its students." If the State is put on notice of a specific risk of harm, it "is required to take affirmative steps specifically to ensure the safety and welfare of [its] students." *Id.* at 591.

The record contains substantial evidence that approximately six months before the assault at issue, multiple officials were informed of a separate incident in which Tom inappropriately touched M. The record also contains evidence that officials failed to take reasonable precautions to ensure M.'s safety and to supervise Tom after receiving notice of that prior incident. Accordingly, the district court correctly denied the State's motion for judgment as a matter of law. Substantial evidence also supports the jury's award of damages for future medical expenses.

C. The district court did not abuse its discretion in denying the State's motion for a new trial based on alleged inconsistencies in the jury's verdict. We uphold an allegedly inconsistent verdict "unless it is impossible under a fair reading to harmonize the answers." *Magnussen v. YAK, Inc.*, 73 F.3d 245, 246 (9th Cir. 1996) (internal quotation marks omitted). The jury found for the State with respect to Kauhako's Title IX claim, but found against the State with respect to Kauhako's negligence-based claims. Because a Title IX claim requires proof of actual knowledge of severe sexual harassment that deprives the victim of access to educational opportunities, while negligence requires only proof that the school knew or should have known of a foreseeable risk of harm to M., the verdict is consistent. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 642 (1999).

## 2. Tom's Appeal

The district court did not abuse its discretion in denying Tom's motion for attorney's fees. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009). Tom is not entitled to fees under the Individuals with Disabilities Education Act, because he did not prevail in any "action or proceeding" brought under that statute. 20 U.S.C. § 1415(i)(3)(B)(i). Tom only successfully defended the State's claim against him for contribution. Tom is not entitled to attorney's fees under Haw. Rev. Stat. § 607-14.5(a) because he has not demonstrated that the State has waived its

sovereign immunity and consented to an award of fees. *Nelson v. Haw. Homes Comm'n*, 307 P.3d 142, 168 (Haw. 2013). In addition, the State's claims against Tom were not frivolous.

As to both appeals, the respective challenged orders of the district court are **AFFIRMED.**